NOTE. See *Beede* v. *Cheeney, infra.*

---

### BEEDE *v.* CHEENEY and others.

*(Circuit Court, D. Minnesota.    December, 1880.)*

**1. REMOVAL—BOND APPROVED BY STATE COURT.**
    In a case of removal the jurisdiction of the federal court does not depend upon the form or substance of the bond approved by the state court.

**2. SAME—WHEN REQUISITE CITIZENSHIP MUST EXIST.**
    A cause cannot be removed under the act of 1795, unless the required citizenship existed, not only when the petition for removal was filed, but also at the time when the action was begun in the state court.

**3. SAME—SAME.**
    A petition for removal stated that the defendants *are* residents of another state. *Held,* that the cause must be remanded, upon the ground that the petition was in the present tense.—[ED.

Motion to Remand.

*M. O. Little,* for plaintiff.

*A. Oppenheim* and *W. P. Warner,* for defendant.

McCRARY, C. J.    In this case there is a motion to remand on the ground that the bond accepted by the state court to secure the filing of the transcript in this court, and the payment of

any costs that might arise because of the wrongful removal, is not such a bond as the statute requires. We are of opinion that the jurisdiction of this court in a case removed from a state court does not depend upon the form, nor even upon the substance, of the bond which is presented to and approved by the state court before removal. If the statute in other respects is complied with, and a copy of the record is filed here in accordance with the statute, the removal is complete. But, upon looking into this record, we observe what counsel seem to have overlooked—the petition for the removal of the cause into this court is in the present tense. It states that the defendants *are* residents of another state. Under the judiciary act of 1789 the supreme court has held that the record must show the citizenship of the parties at the time of the commencement of the action. In a case recently decided in St. Louis, where Justice Miller was present in court, it was held that the same rule prevails under the act of 1875, and that the petition for removal under that act must also show the citizenship of the parties at the time of the commencement of the action, and not at the time of the application for removal. On that ground, therefore, this case must be remanded. Although the motion does not present that question, the court is bound as to that jurisdictional matter, and to take notice of it without any formal motion.

NOTE. See *Curtin* v. *Decker, supra.*